UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60411-CIV-GOLD/MCALILEY

JEANETTE JOSS,

     Plaintiff,

v.

UNITED HOME MORTGAGE CENTER
OF FLORIDA, INC., a Florida corporation and
DAVID CHAMBLESS, an individual,

     Defendants.

_____/

## REPORT AND RECOMMENDATION
## ON FINAL DEFAULT JUDGMENT

Pending before the Court is a motion by Plaintiff, Jeanette Joss ("Joss"), for final

default judgment against Defendant, United Home Mortgage Center ("United") [DE 40].

Joss requested an evidentiary hearing to determine the amount of damages owed by United

[DE 41]. The motions were referred to me by the Honorable Alan S. Gold [DE 44]. For the

reasons described below, this Court recommends that Joss receive $126,143.50 in economic

damages, $100,000 in compensatory damages, and $50,000 in punitive damages.

### I.  BACKGROUND

Joss filed suit against Defendants United and David Chambless ("Chambless"),

alleging the following: (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq*. against United; (2) violation of the Florida Civil Rights Act, Fla. Stat. §

760.10 against United; (3) battery against Chambless; (4) assault against Chambless; and (5)

breach of oral contract for unpaid wages against United.

Both United and Chambless were initially represented by counsel, but counsel moved to withdraw on December 1, 2009, and Judge Gold granted the motion on March 1, 2010. [*See* DE 25].  In his Order, Judge Gold instructed the Defendants to retain substitute counsel within 45 days, and cautioned that a failure to retain substitute counsel within that time could result in the entry of a default judgment. [*See id*.].  United and Chambless did not retain substitute counsel within 45 days, and Joss moved for default judgment against both Defendants. [*See* DE 29].  Although the motion was initially denied without prejudice to allow Chambless to proceed *pro se* [*see* DE 30], Judge Gold ultimately entered default against both Chambless and United. [*See* DE 36].

Chambless then contacted Judge Gold, requesting that he be allowed to proceed *pro se*, and Judge Gold granted the request, vacating the default against Chambless. [*See* DE 44]. In that same Order, Judge Gold referred Joss's motion for final judgment against United only, and motion for an evidentiary hearing, to me.  [*See id*.].

The following background material taken from Joss's Complaint is relevant to a determination of damages.[1]

Joss was employed by United as a loan agent from April 18, 2007 to October 31,

---

[1] Because the judgment in favor of Joss is by default, all the well-pleaded allegations in the Complaint are taken as true.  *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established").

2007.  [*See* DE 1 at ¶ 15].  Defendant Chambless was Joss's supervisor and the Vice

President of United.  [*See id*. at ¶¶ 10, 16].  During the course of her employment, Joss was

subject to sexual harassment and discrimination by Chambless.  [*See id*. at ¶ 17].  Chambless

made unwelcome sexual advances, inappropriate sexual comments, requests for sexual

favors, and physically groped Joss on numerous occasions.  [*See id*. at ¶¶ 17-18].

Specifically, Chambless said and did the following things, among others:

> a.      On several occasions when JOSS was alone with CHAMBLESS,
> he would close his office door and kiss her without consent or permission and
> attempted to have JOSS touch his penis because he wanted her to see how
> excited she made him.
>
> b.      CHAMBLESS, made numerous sexually explicit comments
> about JOSS's breasts and the fact that he could see her nipples thru her blouse
> and detailed sexual comments about sexual acts CHAMBLESS wished to
> perform on JOSS.
>
> c.      CHAMBLESS, made numerous sexually explicit comments to
> JOSS, including but not limited to: "I will bet you double or nothing that I will
> fuck you by the end of the year."  "Is your back hurting you today because you
> had your legs over your head too long last night?"  "My tongue moves a
> special way that will make you scream and want more."  "I would like to have
> you on top of me and rub oil on your nipples."  "You are so fucking hot today,
> you're driving me crazy!"
>
> d.      On one occasion, CHAMBLESS led JOSS down a hallway at
> work and stopped, turned around, and got on his knees and said "let me lick
> you" to JOSS.  When JOSS refused, he grabbed her by the arm and stated "I
> have no underwear on, do you want to feel me?"

[*Id*. at ¶ 18].

Joss reported the harassment to the Human Resources director, who was Nicky

Chambless, the wife of Defendant David Chambless.  [*See id*. at ¶ 21].  Nicky Chambless

then began to harass and threaten Joss.  [*See id*. at ¶22].   After Joss complained about

Chambless's actions, Chambless  retaliated against her by denying her earned compensation

and loan commissions.  [*See id*. at ¶ 23].   United took no action to stop Chambless from

harassing Joss, and failed to assure she was paid her earned commissions.  [*See id*. at ¶ 28].

As a result of the ongoing harassment, Joss suffered severe mental and physical anguish for

which she continues to receive treatment, and she was unable to continue to work for United,

resulting in a constructive termination.  [*See id*. at ¶¶ 26, 34].

At the hearing, Joss testified and I found her highly credible.   Her testimony is

summarized as follows:  Joss worked at United as a loan originator from April 18, 2007

through October 31, 2007.  [T 12].[2]  During that period, she was not given the commissions

she earned on several mortgages, totaling $32,907.00.[3]   After leaving United, Joss was

unemployed between October, 2007, and March, 2009.  [T 24].

Beginning in approximately July, 2007, Chambless began to make sexual remarks and

advances toward Joss.  [T 29].   Joss testified not only to the conduct described in the

Complaint, [T 30-31], she also testified that Chambless would call her and tell her he had

leads for potential clients, and when she went to retrieve the listing from the fax machine,

he would put his hands up between her legs.  [T 30].  Joss believed on many occasions that

---

[2] Citations to the Transcript of the November 8, 2010 Hearing [DE 54] are listed as "T __."

[3] Along with her motion for final default judgment, Joss submitted an affidavit outlining the amounts she had earned but not been paid.  At the hearing, she remembered that she had omitted one commission.  Joss submitted an amended affidavit stating that she had earned but not received $32,907.00 in commissions.  [*See* DE 50].

Chambless was going to rape her. [T 32]. Joss asked him to pay her the commissions owed to her so she could quit the job [T 32], but she was not paid. Joss complained of Chambless's behavior to the president of United, after which she received threatening telephone calls from Chambless's wife. [T 33]. The president of United did not take any action in response to Joss's complaints. [T 38-39].

When Joss began a new job, she suffered from crying spells and fear that she would encounter another man in the workplace who would harass her. [T 34]. She continues to suffer from fear of men, and does not want to be alone in a room with a man, or go out alone at night. [T 37]. Since the incidents with Chambless, Joss has become a less social and outgoing person, and has distanced herself from others, particularly from men. [T 38].

Joss is seeking lost commissions and wages in the amount of $126,143.50, compensatory damages for pain and suffering of $100,000, and punitive damages of $100,000. [DE 50].

## II. ANALYSIS

In considering a motion for an award of compensatory damages in connection with a motion for default judgment, damages "may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *EEOC v. North Am. Land Corp.*, No. 1:08cv501, 2010 U.S. Dist. LEXIS 78928 *5 (W.D.N.C. July 7, 2010) (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). In sexual

harassment and discrimination cases, courts often rely on the credibility of the plaintiff's testimony to aid in the determination of a damage award. *See, e.g.*, *DeMarsh v. Tornado Innovations, L.P.*, No. 08-2588-JWL/GLR, 2009 U.S. Dist. LEXIS 102312 *8, 18 (D. Kan. Oct. 15, 2009) (finding witness testimony credible before calculating damage award); *Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW[WO], 2009 U.S. Dist. LEXIS 46007 *30-31 (M. D. Ala. June 1, 2009) (considering plaintiff's demeanor during testimony in determining damage award).

At the hearing, I found Joss's testimony credible. She was deeply upset by the events that occurred during her tenure with United, and I am persuaded that she still suffers from emotional distress resulting from Chambless's behavior. Chambless's behavior was reprehensible, and United essentially held Joss's commissions hostage, forcing her to remain on the job and suffer Chambless's continued, highly offensive conduct. I find the actions of Chambless, together with United's indifference to Joss's complaints, as outrageous as any I have seen in my review of sexual harassment case law.

Because liability has already been determined through default, the only question that remains is the amount of damages to which Joss is entitled. "Fed. R. Civ. P. 54(c) limits the amount of damages that plaintiff may recover on default to the amount she claims in the prayer for relief in the complaint." *DeMarsh*, 2009 U.S. Dist. LEXIS 102312 at *15. Rule 54(c) states that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

In her Complaint, Joss listed the following damage categories: (1) back pay, prejudgement interest, post judgment interest and damages for all the employee benefits she would have received but for Chambless's conduct [*see* DE 1 at ¶ 37(d)]; (2) compensatory, consequential and punitive damages pursuant to 42 U.S.C. § 1981a [*see id*. at ¶ 37(f)]; (3) attorney's fees and costs pursuant to 42 U.S.C. § 2000(e)-5(k) [*see id*. at ¶ 37(g)]; (4) compensatory and consequential damages pursuant to § 760.11(5), Florida Statutes [*see id*. at ¶ 43(e)]; (5) attorney's fees and costs pursuant to § 760.11(5), Florida Statutes [*see id*. at ¶ 43(f)]; and (6) damages suffered through United's breach of contract, along with attorney's fees and costs pursuant to § 448.08, Florida Statutes [*see id*. at ¶ 58]. At the hearing and as set forth in Joss's supplemental Memorandum in Support of Damages for Final Judgment [DE 50], Joss seeks specific damages as follows:

- unpaid commissions totaling $32,907.00

- lost wages totaling $93,236.50

- compensatory damages for pain and suffering of $100,000

- punitive damages of $100,000

[*See* DE 50 at p. 7].

Title VII provides that a successful plaintiff is entitled to recover economic damages resulting from the plaintiff's wrongful termination. *See* 42 U.S.C. § 2000e-5(g)(1) (2000); *see Price v. Greenman Technologies of Georgia, Inc.*, No. 5:05-CV-471(CAR), 2007 U.S. Dist. LEXIS 68917 *7 (M.D. Ga. Sept. 18, 2007). In support of her claim of unearned

commissions, Joss submitted an affidavit detailing the commissions she earned but never received, in the amount of $32,907.00.  I find Joss is entitled to receive all of her unpaid commissions.  In addition to unpaid commissions, Joss seeks lost wages for the time she was unemployed following her termination from United.  Joss calculated her lost wages by taking the total she earned in commissions during her sixth months of employment at United – $32,907.00 – and dividing that by six to come up with an average monthly salary of $5,484.50.  Joss was unemployed from October 31, 2007 through March 31, 2009, a total of 17 months.  Her lost wages therefore total $93,236.50.  Joss's damage calculation is unrefuted, and I find the calculation reasonable.  I recommend that Joss be awarded a total of $126,143.50 in economic damages.

In her Complaint, Joss sought compensatory damages for emotional distress under both Title VII and Florida Statutes § 760.11.  [*See* DE 1 at ¶¶ 37, 43].  At the hearing, and in her post-hearing memorandum, Joss requested an award of $100,000 for her emotional pain and suffering.  [*See* T 4; *see* DE 50 at 3].  Both Title VII and Florida Statutes § 760.11 provide for compensatory damages for emotional distress.  Under Title VII, the cap for damages differs, depending on the size of the employer. *See* 42 U.S.C. § 1981a(b)(3).  In this case, Joss alleged that United employed more than 15 employees.  [*See* DE 1 at ¶ 8].  For a corporation employing between 14 and 101 individuals, Title VII limits compensatory and punitive damages to a combined total of $50,000. *See* 42 U.S.C. § 1981a(b)(3)(A). Section 760.11, however, has no limit on compensatory damages. Accordingly, Joss's request of

$100,000 in compensatory damages under section 760.11 is within the bounds of the statute, and I believe it is reasonable under the circumstances.

Joss also seeks $100,000 in punitive damages. In her post-hearing memorandum, Joss states that she is moving under section 760.11 on her claim for punitive damages. [*See* DE 50 at 2]. However, Joss did not seek punitive damages under section 760.11 in her Complaint; she sought punitive damages only under Title VII. Because a plaintiff receiving a default judgment against a defendant cannot be awarded damages beyond those sought in the complaint, Joss may receive punitive damages only under Title VII. *See DeMarsh*, 2009 U.S. Dist. LEXIS 102312 at *15. In order to receive punitive damages under Title VII, a plaintiff must show that the defendant engaged in discriminatory conduct with malice or reckless indifference to the federally protected rights of the plaintiff. *See* 42 U.S.C. § 1981a(b)(1). In her Complaint, Joss alleged that:

> Defendant's acts and omissions set forth herein constitute conduct on the part of the Defendant that was willful, wanton, malicious and reckless, demonstrating a knowing and/or reckless disregard for the rights of others, including Plaintiff, JOSS.

> Further, Defendant's acts and/or omissions set forth herein constitute conduct on the part of Defendants demonstrating a malicious and/or reckless indifference to the federally protected rights of Plaintiff, JOSS, so as to entitle Plaintiff to receive an award of punitive damages to punish Defendants and to deter them from such conduct in the future.

[*See* DE 1 at ¶¶ 29-30]. These allegations, taken as true due to the default judgment against United, together with Joss's testimony about the Defendants' conduct, which I credit as true, are sufficient for an award of punitive damages under Title VII. Accordingly, Joss's request

for punitive damages should be granted, in the amount of $50,000, the maximum allowed

under Title VII.

As a fellow Magistrate Judge observed in a similar case,

[r]easonable persons would probably arrive at different conclusions about a
reasonable amount of damages to award in this case. Some might find
$300,000 to be excessive. Others might find it not enough. . . . Based on the
testimony at the hearing and her prayer for relief, the undersigned Magistrate
Judge accordingly recommends that Plaintiff be awarded $300,000 in non-
economic compensatory damages.

*DeMarsh*, 2009 U.S. Dist. LEXIS 102312 at *18-19. Both Title VII and the Florida Civil

Rights Act allow for considerable compensation to an individual who has suffered from

sexual harassment and discrimination. The federal and state legislatures obviously believed

that persons who engage in harassing and discriminatory conduct must suffer substantial

pecuniary penalties. Under the circumstances of this case, I believe an award of $100,000

in compensatory and $50,000 in punitive damages is reasonable.

### III.  RECOMMENDATIONS

For the reasons stated above, it is RECOMMENDED that:

1.      Joss be awarded $126,143.50 in economic compensatory damages;

2.      Joss be awarded $100,000 in non-economic compensatory damages;

3.      Joss be awarded $50,000 in punitive damages.

### IV.  OBJECTIONS

Pursuant to Magistrate Rule 4(a), the parties may file written objections to this Report

and  Recommendation with the Honorable Alan S. Gold within 14 days.  Failure to timely

file objections shall bar the parties from attacking on appeal any factual findings contained

herein.  *See RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte*

*v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

      RESPECTFULLY SUBMITTED in chambers at Miami, Florida, this 26th day of

January, 2011.

                                    _____

                                      CHRIS McALILEY
                                      UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Alan S. Gold
Counsel of record